WILLIAM MANNING and JOHN MANNING, appellants, *v.*
            SAMUEL C. PIERCE, appellee.

*Appeal from the Municipal Court of the City of Alton.*

Debt is a proper form of action on a replevin bond.
Where the condition of a replevin bond was, that if the plaintiff should prosecute
  his suit with effect, and save the officer harmless, or make return of the prop-
  erty, if the same should be awarded to the defendant, &c., and the declaration
  averred that such proceedings were had in the suit, that it was adjudged that
  the plaintiff should take nothing by his writ ; and thereupon a writ of *returno
  habendo* was awarded and delivered to the officer ; and that the plaintiff " did
  not prosecute his suit with effect, or make return of the property " replevied :
  *Held,* that the breach alleged in the declaration was sufficient.

THIS was an action of *debt* brought in the Municipal Court of
the city of Alton, by Samuel C. Pierce, late coroner of Madi-
son county, against the appellants, upon a replevin bond exe-
cuted by them to said Pierce, as coroner of said county.    The
declaration contained two counts ; the first merely setting out a
bond made by the defendants to the plaintiff, as coroner, for the
payment of $500.    The second set forth the making of the bond
with the following condition.
    " That, whereas the above bounden William Manning had sued
out of the Municipal Court of the city of Alton, county and State
aforesaid, a writ of replevin against Nathaniel Buckmaster, for de-
taining the following property, to wit ; one sofa, one sideboard,
three looking glasses, one high post bedstead, one wardrobe, one
pair card tables, one cane-bottom rocking chair, six common cane-
bottom chairs, one secretary, two carpets, and one dining table,
of the value of two hundred and fifty dollars.    Now, if the said
William Manning should prosecute said suit with effect, against
said Nathaniel Buckmaster, for the above described property, and
should hold the said coroner harmless, or make return of the prop-
erty, if the same should be awarded to the said defendant, and
should pay such costs as might accrue in said suit, in case of a

failure in the prosecution thereof, then the bond to be void, otherwise to be in full force and effect."

This count concluded as follows.

" And the said plaintiff in fact further saith, that afterwards when the said suit of replevin came before this Court for the trial thereof, to wit; at the July term of this Court, and at the county aforesaid, such proceedings were had before this Court, that it was considered and adjudged by the same, that the said William Manning should take nothing by his said writ, but that he and his pledges to prosecute should be in mercy.

" And that the said Nathaniel Buckmaster should go thereof without day, and that he should have return of the goods and chattels aforesaid, as by the records and proceedings of this Court more fully appears. And thereupon, there issued from the office of the clerk of this Court, under the seal of this Court, a certain writ of this Court, called a writ of *returno habendo*, directed to the coroner of the county of Madison aforesaid, this plaintiff being then the said coroner, which said writ bore date the twenty-sixth day of July, A. D. 1838, commanding the said coroner to cause to be returned to the said Nathaniel Buckmaster, without delay, the goods and chattels aforesaid.

" And the said plaintiff in fact further saith, that the said William Manning did not prosecute his said replevin suit against the said Nathaniel Buckmaster to effect, or make return of the said goods and chattels, or any part thereof, according to the form and effect of the said condition of the said writing obligatory," &c.

The defendants filed a general demurrer to the first count, and a special demurrer to the second count of the declaration, assigning for causes of demurrer to the second count, " First. That it is not shown in the second count in the declaration, that the said second count is brought upon another and different obligation than the one in the first count mentioned.

" Secondly. Because the said declaration is double."

The plaintiff joined in the demurrers, and the Municipal Court, the Hon. William Martin presiding, overruled the same, and gave judgment for the plaintiff. The damages were assessed by a jury.

From this judgment, the defendants appealed to this Court, and assigned for error ; —

" 1. The action of debt will not lie upon the bond exhibited in the record.

" 2. From the bond and condition there were disjunctive and alternative acts to be done, and the declaration contains no averment of the performance of those acts.

" 3. The judgment upon the demurrers should have been for the defendants.

"4. The declaration is insufficient."

To which there was a joinder in error.

The appellants relied upon the following points.

1. This being an action upon an office bond, covenant is the proper remedy.

2. Under the practice act, it is necessary to set out the condition of the bond in the declaration. Hurleston on Bonds (Law Library) 130, 131 ; Dwarris on Statutes, 53 (Law Library) ; Roles *v.* Rosewell, 5 Term R. 538.

3. There is no sufficient negation of the performance of the condition of the bond.

The cause was submitted without argument.

A. Cowles and J. M. Krum, for the appellants.

G. T. M. Davis, for the appellee.

Smith, Justice, delivered the opinion of the Court :

This was an action of *debt* on an official bond given to the coroner of Madison county in an action of replevin. There are two counts in the declaration ; the first merely sets out the bond, and avers the non-payment of the sum covenanted to be paid. The second assigns breaches of the condition of the bond. To these counts, the defendants in the Court below, demurred separately ; and they now assign for error, the decision of the Court below, in overruling the demurrers, and urge, as grounds of objection, first, that an action of debt will not lie on the bond exhibited in the record ; secondly, the declaration is insufficient, as there were disjunctive and alternative acts to be done, and the declaration does not contain an averment of the non-performance of those acts.

We can perceive no force in the objection as to the form of action ; the action is well conceived. The declaration is considered sufficient. The covenant was to prosecute the action of replevin to effect, or to make return of the property, if it should be awarded to the defendant in the action of replevin, and pay such costs as might accrue in such suit, in case of a failure in the prosecution thereof. The breaches in the non-performance of these conditions are fully set out, as well as the averments that the action of replevin had been tried, and that a return of the property had been adjudged, and a writ of *returno habendo* awarded. The demurrer was correctly decided. The judgment is affirmed with costs.

*Judgment affirmed.*